22011

In the Matter of Charles S. LANIER, Respondent.
(309 S. E. (2d) 754)

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Charles S. Lanier, pro se.*

Nov. 30, 1983.

*Per Curiam:*

This disciplinary matter is before us for review of the independent recommendations of the Hearing Panel (Panel) and Executive Committee of the Board of Commissioners on Grievances and Discipline (Executive Committee) that respondent Charles S. Lanier be indefinitely suspended from the practice of law for misconduct. We agree with their recommendations.

Respondent was charged in North Carolina with possession with intent to sell and deliver and manufacture marijuana. He negotiated a plea of guilty to felonious possession of marijuana. The Transcript of Plea states: "Upon a plea of guilty to felonious possession of marijuana the greater offense will not be pursued, other charges pending against this

defendant and the charges in 82-CR-244 pending against Carol Page Lanier [respondent's wife] will be dismissed." Respondent was sentenced to eighteen months' imprisonment. The sentence was suspended and he was placed on probation for four years. As a special condition of probation, he was required to pay a fine of $3,000 and costs of $58.00.

The Panel found, and the Executive Committee concurred, that respondent was convicted of felonious possession of marijuana with the intent to manufacture, sell, and deliver. Respondent excepted to this finding. It is conceded and we agree that finding was erroneous.

Respondent was admitted to both the South Carolina and North Carolina Bars in 1972. He practiced law in South Carolina until 1976, when he returned to eastern North Carolina, where he was reared, to establish a general practice. Upon his guilty plea and sentence, he was suspended from the practice of law in North Carolina for a one year period.[1] Respondent notified this Court of his plea, sentence and suspension, whereupon he was temporarily suspended from the practice of law in this State. At the time of the Panel hearing, he had resumed his practice in North Carolina.

As the Panel noted, respondent has an excellent reputation before the Bar and Judiciary in North Carolina. He is active in numerous civic and community causes. However, respondent pled guilty to misconduct which reflects adversely upon his fitness to practice law and tends to bring the legal profession into disrepute. Therefore, we agree with the Panel and Executive Committee that the appropriate sanction is indefinite suspension.

It is therefore ordered that respondent be indefinitely suspended from the practice of law in this State. He shall within 10 days surrender to the Clerk of the South Carolina Supreme Court the certificate admitting him to practice.

---

[1] In South Carolina, we have no comparable sanction permitting a determinate period of suspension.