## In re Anonymous No. 62 D.B. 85

Disciplinary Board Docket no. 62 D.B. 85.

To the honorable Chief Justice and Justices of the Supreme Court:

BROWN, *Member*, October 5, 1987 — Pursuant to the Pennsylvania Rules of Disciplinary Enforcement, the following report is hereby submitted by the disciplinary board of the Supreme Court.

## HISTORY OF PROCEEDINGS

The within matter comes before the board pursuant to exception taken by respondent to the recommendation of Hearing Committee [     ] "(1) that respondent's license and privilege to practice law be and are hereby suspended for a period of two years, effective and commencing August 2, 1985, for his conviction of five counts of possession of a controlled substance on May 31, 1985, and his violation of Disciplinary Rules 1-102(A)(3) and 1-102(A)(6).

"(2) Further, that respondent's license and privilege to practice law be and are hereby further suspended for said conviction and violation of said disciplinary rules for an additional time period during which his period of probation continues under the amended sentencing order of the court dated November 25, 1986, but in no event shall said suspension continue beyond said period of probation, subject to whatever criteria respondent must meet prior to his reinstatement of his privileges."

Respondent contends that the hearing committee erred in adopting disciplinary counsel's position that "existing judicial standards require minimum disciplinary action concurrent and consistent with the judgment of the sentencing court in the criminal proceedings, notwithstanding the committee's opinion that the period covered by the sentence is in light of the respondent's overall conduct beyond that which the committee perceives as appropriate, reasonable and proper disciplinary action."

Thus, the issues which the parties seek to present are whether or not the law relating to attorney discipline has evolved to the point that the minimum period of suspension must ipso facto cohere with a court's sentence of imprisonment and/or probation.

Stated differently, disciplinary counsel urges adoption of a rule that basically would require that an attorney on probation, regardless of the underlying circumstances, is automatically disqualified from practicing law during the period of probation.

Disciplinary counsel requested oral argument which was held on August 25, 1987 before the undersigned, Chairman Gilbert J. Helwig, and Member John R. McGinley Jr. The issue, as framed, is interesting but not controlling, as we deem it appropriate to direct our primary focus on the facts of the case in framing our recommended disposition. The facts in this matter, as accepted by the parties and succinctly stated by the hearing committee, are as follows:

(1) Respondent, [        ], was born in 1951, admitted to practice law in the Commonwealth of Pennsylvania in 1976 and presently resides in [        ], Pa.

(2) On May 31, 1985, respondent pleaded guilty in the Court of Common Pleas of [        ] County, Pennsylvania, to five counts of possession of a controlled substance (cocaine).

(3) On June 28, 1985, respondent was sentenced to undergo imprisonment for not less than 15 months nor more than five years and was fined $500.

(4) On August 2, 1985, the Supreme Court of Pennsylvania entered an order suspending respondent from the bar of the commonwealth and referred the matter to the disciplinary board for the institution of formal proceedings.

(5) On August 28, 1985, a petition for discipline was filed.

(6) On September 20, 1985, respondent entered prison and began serving that portion of his court sentence regarding imprisonment.

(7) On November 25, 1986, the court amended respondent's sentence and ordered respondent to undergo imprisonment for not less than 12 months nor more than four years, pay a fine of $400, released respondent from prison for time already served and directed that probation continue for the the balance of the sentence, i.e., until June 28, 1989.*

(8) On January 30, 1987, a hearing took place before the disciplinary board hearing committee.

(9) There is no charge or evidence that respondent sold or distributed a controlled substance. He did, however, possess and use a controlled substance, cocaine.

(10) There is no charge or evidence that respondent was or is a habitual user of cocaine or an addict.

(11) Aside from his criminal conduct regarding possession and use of the cocaine, respondent otherwise has a good reputation in his community for honesty and veracity.

(12) Possession of cocaine is an illegal act under the statutorily prescribed standards of prohibited behavior in the Commonwealth's Criminal Code. Those who chose to engage in or refrain from declared criminal activity elect between standards of right or wrong. By choosing the wrong conduct, respondent's involvement clearly constitutes engagement in illegal conduct involving moral turpitude. He is in violation of Disciplinary Rule 1-102(A)(3).

(13) Respondent intentionally and knowingly violated a criminal statute by possessing and using cocaine and did so in the presence of others, all of

---

* Disciplinary counsel has submitted a letter from the Probation Office of [ ] County, Pa., indicating that respondent's maximum period of probation will expire on September 20, 1989.

which manifests a disrespect for the law. Respondent's involvement clearly constitutes engagements in conduct that adversely reflects on his fitness to practice law and is in violation of Disciplinary Rule 1-102(A)(6).

## DISCUSSION

As stated above, the Office of Disciplinary Counsel strongly and cogently suggests that the board and the court adopt a per se rule that the minimal discipline which must be imposed upon attorneys convicted of a crime is a suspension for the remainder of the attorney's sentence, whether the attorney is incarcerated or on probation.

Disciplinary counsel contends that the public's perception and respect for the legal profession is damaged and impaired if attorneys are permitted to practice law while serving a period of probation, and cites *Matter of Lanier,* 309 S.E.2d 754 (S.C. 1983); *Matter of Strange,* 366 N.W. 2d. 495 (S.D. 1985); and *Matter of Kaufman,* 518 A.2d 185 (N.J. 1986).

Respondent, on the other hand, contends that the board and the court should make de novo inquiries; that there is no policy which requires or suggests that the board or the court abdicate their function to the vagaries of the inconsistent sentencing standards which exist in the commonwealth and, in fact, throughout the nation (the suggested rule would apply to Pennsylvania attorneys convicted of crimes in other jurisdictions). Further, respondent argues that the cases relied upon by the Office of Disciplinary Counsel actually involve an analysis of the nature of the type of offense which gave rise to the particular periods of probation. We are aware of many instances in which courts have imposed fairly lengthy periods of probation for crimes which may have very little relevance to either actual fitness to

practice law or moral turpitude as those terms are encompassed in the disciplinary rules. Thus, it is appropriate that each case should be evaluated on the basis of the nature of the offense committed, and the particular offenses' relationship to a respondent's fitness to practice law and/or involvement in conduct which involves moral turpitude, in violation of Disciplinary Rules 1-102(A)(6) or 1-102(A)(3).

In the case at bar, respondent entered a plea of guilty to five separate charges of possession of a controlled substance, cocaine. Respondent's counsel suggests that private reprimand or public censure is an appropriate sanction.

Respondent's counsel relies upon the testimony in mitigation. In addition to the testimony of respondent, the record reveals that [A], Esq., district attorney of [    ] County, Pa., testified that respondent may have been able to avoid prosecution through his negotiations with that office. [B], Esq. of [    ] testified as to respondent's character and competence; and Reverend [C] of [    ] College vouched for respondent's character and positive contributions to the community. Counsel for respondent also directs our attention to the hearing committee's finding that respondent "otherwise has a good reputation in [his] community for honesty and veracity." However, considering the nature, repetitiveness and gravity of the offense, we must reject respondent's contention that repeated illegal use of a drug as dangerous and addictive as cocaine warrants a mere private reprimand or public censure. To accept respondent's contention would, in this milieu, truly have the effect of impairing the trust, respect and esteem which the public accords our profession. We view the realistic choices as falling between suspension and disbarment. Recognizing the testimony in mitigation, we, therefore, rec-

ommend that respondent undergo a period of suspension for three and one-half years, effective August 2, 1985.

We are cognizant of the fact that this period of suspension may expire prior to the termination of respondent's probation. However, under the disciplinary rules, respondent must apply for reinstatement, at which time, the issue of his privilege to practice law, while serving a period of probation, may be ripe for adjudication.

## RECOMMENDATION

That respondent's license and privilege to practice law be and is hereby suspended for a period of three and one-half years, commencing August 2, 1985, for violation of Disciplinary Rules 1-102(A)(3) and 1-102(A)(6) and that respondent be required to pay the costs of these proceedings.

Mr. Schwartzman dissents and would recommend a five-year suspension.

Ms. Heh and Mr. Mundy did not participate in the adjudication.

## ORDER

And now, July 15, 1988, upon consideration of the report and recommendation of the disciplinary board dated October 5, 1987, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of five years retroactive to August 2, 1985, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.